Deaderick, J.,
delivered the opinion of the Court.
This is an action of trespass, instituted in July,. 1865, in the Circuit Court of Hawkins County, against the plaintiffs in error, and eight or ten other defendants.
"Verdict and judgment were rendered in favor of the plaintiff below, against all the defendants, except two, none of whom appealed in error to this Court, except the three above named.
Numerous questions have been made here upon the pleading and evidence admitted and rejected, but we do *194 not deem it necessary in the view we have taken of the case, to notice them all, as there are errors in the action of the Court, in the admission of evidence, for which we feel constrained to reverse the cause.
Upon- the trial of the cause, Samuel Henderson was allowed to state to the jury that William Palmer, who is no party to the suit, came to him and his son, in the field, the day before Phipps’ company was organized, and had a paper in his hand, and was enlisting men for the company. Palmer said'the company was to organize and operate between Nashville and Cumberland Gap, and they were to be a guerilla company, and get their pay oft the Union men. Henderson further stated he frequently saw the company pass the road, and saw some of the company with leather, bacon, do., which they said they had got at plaintiff’s, and none of the defendants Were present at the time.
This testimony was objected to by the defendants, but the objection was overruled, and the testimony was' allowed to go to the jury.
The admission of this testimony was clearly erroneous.
• Nor is this error in any degree cured by his Honor’s charge, wherein he says to the jury, that “the declarations of 'William Palmer and others made before the company of Phipps was formed” cannot be looked to as evidence against the defendants, if made in their absence and without their knowledge, unless the said Palmer or others referred to were then engaged in the business of enlisting men for Phipps’ company, or was by means of their position and business, authorized to speak for the same, etc.
*195 The witness Henderson, had stated that Palmer was enlisting men for Phipps’ company, so that the contingency was proved, the existence of which, according to the charge, made the declarations of Palmer admissible as evidence against defendants, although made in their absence.
But according to the charge, there was another contingency in which Palmer’s -declarations in the absence of defendants, would be evidence against them. And that was, if Palmer and others, by means of their position and business, were authorized to speak for them. How the jury were to determine whether the position and business of Palmer and others authorized them to speak for defendants, is not defined in the charge.
In our view of the case, this proof was improperly admitted, and was calculated to excite prejudice against the defendants in the minds of the jury.
Other declarations of William Palmer, made in the absence of defendants, as detailed by David Carey, are liable to the same objections.
Carey is allowed to detail a conversation with William Palmer, in the absence of all the defendants, in which Palmer stated that they had some fine property which they had brought from Wattenbarger’s, and wanted witness to go with him and buy some of it at the public sale of it, to be made upon the day of the conversation.
Eor the error of the Court in admitting this testimony, the judgment must be reversed, and the case remanded for a new trial.